
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.  : | **MAG. NO. 19-23 (GMH)** |
| : | |
| **LIONEL MEYONG JACKSON,** : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its oral motion that the defendant be detained pending trial pursuant to 18 U.S.C. §3142 (f)(1)(D) and 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The government requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

### Introduction

Lionel Jackson, a thirty-eight year old male with life-long connections to the District of Columbia and a criminal history that includes several prior felony drug and weapons convictions, has been charged in a one-count indictment with Unlawful Possession of a Firearm by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18 U.S.C. § 922(g)(1).  Mr. Jackson, has been convicted of numerous prior felony offenses, and therefore knew that he was not allowed to possess a firearm.  His previous criminal history and now, possession of a firearm support the government's contention that the defendant should be held without bond pending trial to ensure the safety of the community.

## Procedural History and Applicable Authority

At the initial appearance on February 5, 2019, the government orally moved for detention pending trial pursuant to 18 U.S.C. § 3142 (f)(1)(D) and 18 U.S.C. § 3142 (f)(1)(E) of the federal bail statute. The Court set a detention hearing for Friday, February 8, 2019.

The government contends that the defendant is a danger to the community. The government must establish by clear and convincing evidence that a defendant is a danger to the community. *United States v. Peralta*, 849 F.2d 625, 626 (D.C. Cir. 1988). In an indicted case at a detention hearing, the government may proffer evidence. *United States v. Smith*, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).

There are four factors under Section 3142(g) that the Court should consider and weigh in determining whether to detain the defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. § 3142(g). A review and understanding of the facts and circumstances in this case causes the government to ask the Court to conclude that there is no condition or combination of conditions that would assure the safety of the community. Therefore, Mr. Jackson should be detained. *See* 18 U.S.C. § 3142(e)(1).

## Nature and Circumstances of the Offenses Charged

On or about February 3, 2019, while in the 1800 block of Morris Road, S.E., Washington, D.C., officers from the Metropolitan Police Department heard the sounds of gunshots. While responding to the area, a dispatch was broadcasted for gunshots fired inside 2674 Martin Luther King Jr., Avenue, S.E. Dispatch Officers entered the target location and immediately stopped the

defendant Lionel Jackson inside the residence. The defendant's wife told officers, the defendant had entered the house and began banging on the wall. She then heard at least one gunshot inside the home, and several others outside the home. The defendant was placed under arrest after the officers located a bullet hole in a wall inside the residence. During a post arrest/post rights interview with detectives, the defendant admitted that he had a .38 caliber revolver and that he fired a shot into the wall. He also stated he had thrown the gun away. Despite canvassing the area with the assistance of the K-9 unit, officers were unable to locate the firearm that the defendant discarded. Per law enforcement, there are no .38 caliber revolvers nor .38 caliber ammunition manufactured in the District of Columbia.

Accordingly, the nature and circumstances of the offense charged, clearly weighs in favor of detention. Here, a grand jury found probable cause to believe that Mr. Jackson was illegally in possession of a firearm. Mr. Jackson should remain detained.

### **Weight of the Evidence Against the Defendant**

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against Mr. Jackson is strong. As set forth above, MPD officers responded to the defendant's home in relation to the sound of gunshots, which was confirmed by the defendant's wife. Importantly, the defendant confessed to investigating officers that he fired a .38 caliber revolver and then discarded it prior to the officers arriving on scene.

### **Mr. Jackson's History and Characteristics**

The third factor, the history and characteristics of the person, similarly weigh in favor of detention. Mr. Jackson is a repeat offender. Specifically, the defendant has the following prior convictions though this list is not exhaustive:

- Attempted Unlawful Possession of Liquid PCP (Washington, D.C., 2014),
- Attempted Possession with Intent to Distribute a Controlled Substance – Cocaine (Washington, D.C., 2009)
- Unlawful Possession of a Firearm by a Convicted Felon (Washington, D.C., 2005)
- Contempt - Felony (Washington, D.C., 2001)
- Distribution of Cocaine (Washington, D.C., 2001)

The government further directs the Court's attention to additional information contained on pages 5 and 6 of Mr. Jackson's Pretrial Service Agency report. The defendant has demonstrated that he cannot be trusted to refrain from engaging in criminal conduct as he has now been arrested and charged with his second federal firearm offense and eighth felony offense. Mr. Jackson should not be released.

### Danger to the Community

The fourth factor, the nature and seriousness of the danger to any person or the community posed by the defendant's release, also weighs in favor of detention. The charged offense involves the defendant's possession of a firearm despite being legally barred from such possession. The defendant has previously been convicted of seven felony offenses. Notably, as set forth in the Pretrial Service Agency report, Mr. Jackson's global re-arrest risk and dangerous/violent re-arrest risk rate as high.

The firearm that Mr. Jackson possessed had the potential to cause serious bodily injury to or the death of innocent persons in the community, particularly in light of the fact that the defendant, by his own admission and based on law enforcement's investigation of this matter, fired the firearm several times. Mr. Jackson's criminal history, possession of the firearm and reckless

discharge of the firearm, overwhelmingly demonstrate that he is a danger to the community. In order to protect the community, the defendant should be held without bond pending trial.

## Conclusion

The government respectfully requests that this Court detain Mr. Jackson pending trial because he has demonstrated that he is a danger to the community.

                                                                Respectfully submitted,

                                                                JESSIE K. LIU
                                                                UNITED STATES ATTORNEY
                                                                D.C. Bar No. 472-845

By:        /s/
             LISA NICOLE WALTERS
             D.C. Bar No. 974-492
             Assistant United States Attorney
             555 Fourth Street, N.W., Fourth Floor
             Washington, D.C. 20530
             Telephone: (202) 252-7499
             E-mail: Lisa.Walters@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel David Bos, via the Electronic Case Filing (ECF) system, this 7th day of February, 2019.

                                                                 /s/
                                                             LISA NICOLE WALTERS
                                                             Assistant United States Attorney